**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JOSE OMAR AYALA,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 18-70020

Agency No. A094-306-704

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023[**]

Before: GRABER, PAEZ, and NGUYEN, Circuit Judges.

Jose Omar Ayala, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

We do not disturb the agency's determination that Ayala failed to establish he suffered harm that rises to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks and citations omitted)); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard).

Substantial evidence supports the agency's determination that Ayala failed to establish he was a member of his proposed particular social group of "Salvadoran male[s] taking concrete steps to oppose criminal gang membership and criminal gang authority." *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (applicant must demonstrate "membership in that particular social group" (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 223 (BIA 2014))).

In his opening brief, Ayala does not contend the BIA erred in finding that his proposed particular social group of "Salvadoran male victims of gangs and gang violence" was not properly before it, and this issue is waived. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised

and argued in a party's opening brief are waived). Ayala also does not challenge, and therefore waives, the BIA's denial of his claims based on proposed particular social groups comprised of landowners and returnees, nor does he challenge the BIA's denial of his claims based on tattoos and general extortion. *Id.*

Thus, Ayala's withholding of removal claim fails.

To the extent Ayala contends the immigration judge should have granted him asylum, we lack jurisdiction to consider the contention because he did not raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**